IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL S. WILSON, #R-06115, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01320-MJR |
| | ) |
| UNKNOWN MAILROOM STAFF and | ) |
| BIG MUDDY RIVER C.C., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Michael Wilson, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this *pro se* civil rights action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have interfered with his legal mail and denied him access to the courts in violation of his rights under the First, Fifth, and Fourteenth Amendments.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that in November 2014, mailroom staff at Big Muddy refused to send a change of address notice from Plaintiff to this Court. (Doc. 1, p. 5). On the outside of the envelope Plaintiff had written the case number, the words "address change," and the date the document was sent. Mailroom staff returned the mail to Plaintiff and informed him that court documents "must" be e-filed; however, Plaintiff asserts that he was denied access to the law library at the time, and that regardless, he should be able to mail documents to the Court however he chooses. *Id*. By refusing to mail the change of address form, Plaintiff contends that mailroom staff denied him access to the courts.

Shortly thereafter, Plaintiff attempted to mail a letter in a sealed envelope to Zachary Roeckman, warden at Big Muddy, and a copy of the same letter to the mailroom supervisor. *Id*.

The envelope used was from the Illinois River Correctional Center Commissary and was marked "Legal Sealed." *Id*.  Mailroom staff refused to mail this letter and returned it to Plaintiff along with Inmate Bulletin 110-010, which states that all outgoing mail must be in a properly addressed envelope with no writing on the envelope besides the name and address of the sender and the intended recipient. *Id*., Attachment 1, Ex. B-4.  In addition, Plaintiff received a slip from the mailroom outlining mailroom procedures, which identified the following problems with Plaintiff's mail: 1) legal mail can only be sent using state envelopes and 2) "Kites sent to Warden are not considered legal and must be sent to the mailroom unsealed." *Id*., Attachment 1, Ex. C-2.

In mid-January 2015, Plaintiff again attempted to mail a sealed envelope, this time to an Illinois county courthouse. *Id*.  These documents were also returned to Plaintiff with the explanation that the documents were "not considered legal." *Id*.  The complaint does not indicate when or whether Plaintiff was able to mail these court documents, nor does it suggest that Plaintiff missed any deadlines due to the mailroom's interference with his mail.  Plaintiff contends that *all* outgoing mail to courts is considered "legal."

Plaintiff insists that mailroom staff at Big Muddy have generally hampered his ability to send and receive legal mail ever since his arrival at the correctional facility and that these actions have been taken in retaliation for Plaintiff "fighting back with paperwork." *Id*.

Attached to the complaint are 92 pages of exhibits, including numerous declarations by other inmates who have experienced problems with the mailroom at Big Muddy. *See id*., Attachments 1 and 2.

Plaintiff has named as Defendants Big Muddy River Correctional Center and Unknown Mailroom Staff.  Plaintiff seeks monetary damages and injunctive relief.

## Analysis

Before delving into the threshold screening required by 1915A, the Court wishes to address some preliminary matters.

**Defendants**

Plaintiff has named Unknown Mailroom Staff and Big Muddy River Correctional Center as Defendants. To the extent Plaintiff's complaint states a valid claim for monetary damages, he may bring these claims against Unknown Mailroom Staff (in accordance with the guidelines set forth below regarding identifying and naming specific individuals), but not Big Muddy River Correctional Center.

Plaintiff cannot maintain a suit for damages against Defendant Big Muddy River Correctional Center, since as a division of the Illinois Department of Corrections, it is not considered a "person" within the meaning of the Civil Rights Act, and, therefore, not subject to a § 1983 suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id*. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

With regards to Plaintiff's claims for injunctive relief, typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the

institution where the inmate is incarcerated. Therefore, the Court will direct the Clerk of Court to name as a Defendant, the **WARDEN OF BIG MUDDY**, in his or her official capacity, for purposes of injunctive relief only. *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).[1] Since the Warden of Big Muddy is the proper defendant for purposes of injunctive relief, and Plaintiff cannot seek monetary damages against Big Muddy River Correctional Center, Big Muddy River Correctional Center shall be **DISMISSED WITHOUT PREJUDICE**.

**Procedures Regarding Electronic Filing and Legal Mail**

First, although the preferred method for filing court documents in this Court is via electronic filing, *see* Procedural Rules for Electronic Filing in the Southern District of Illinois, General Order 15-05, inmates may also mail documents to the Court. It is quite possible, however, that mailroom staff believed that court documents sent to this Court must be, *in every instance*, electronically filed, which may explain why staff refused to mail Plaintiff's court documents. Although this is the preferred method, the Court can imagine certain situations when electronic filing might not be available (i.e., equipment failures or institution lock-downs) and alternative forms of delivery (such as snail mail) might prove more expedient. Nothing in this Court's local rules prohibit postal delivery; electronic delivery is simply the preferred method.

Second, there seems to be some confusion regarding what constitutes "legal" mail. According to the Seventh Circuit, "legal mail" is "mail designated as correspondence with an attorney." *Harrison v. Cty. of Cook, Ill.*, 364 F. App'x 250, 252 (7th Cir. 2010) (citing *Kaufman v. McCaughtry,* 419 F.3d 678, 685-86 (7th Cir.2005)). Illinois Department of Corrections ("IDOC") regulations define "legal mail" as mail to and from the following:

---

[1] Federal Rule of Civil Procedure 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

      1) Registered Attorneys who provide direct legal representation to offenders;
      2) State's Attorneys;
      3) The Illinois Attorney General;
      4) Judges or magistrates of any court or the Illinois Court of Claims Judges; and
      5) Any organization that provides direct legal representation to offenders, but not including organizations that provide referrals to attorneys, such as bar associations.

Ill. Admin. Code tit. 20, § 525.110. "Outgoing privileged mail," on the other hand, is defined as mail to the following people/entities:

      1) The Director;
      2) Assistant Director, Chiefs,[2] and Deputy Directors of the Department;
      3) Department attorneys;
      4) Members of the Administrative Review Board;
      5) Members of the Prisoner Review Board;
      6) The Governor of Illinois;
      7) Federal or Illinois legislators;
      8) Chief Executive Officers of the Federal Bureau of Investigation, the Drug Enforcement Administration, the Criminal Division of the Department of Justice, the United States Customs Service, the Secret Service, the Illinois State Police, and Sheriff's Offices and Police Departments in the State of Illinois;
      9) Illinois Inspector General;
      10) John Howard Association;
      11) Clerks of courts or of the Illinois Court of Claims; and
      12) Legal mail.

*Id.* Therefore, according to IDOC regulations, all outgoing "legal mail" is considered privileged, but not all "privileged mail" is legal. The distinction between outgoing "legal mail" and outgoing "privileged mail" is important with regards to postage.[3] Outgoing privileged mail,

---

[2] The reference here to "Chiefs" is somewhat unclear and may be contributing to the confusion in this case. IDOC regulations define "Chief" as the highest ranking official of a district or division within the Department, while the nomenclature "Chief Administrative Officer" refers to the highest ranking official of a correctional facility. Ill. Admin. Code tit. 20, § 525.110. As such, mail sent to the Chief Administrative Officer, also referred to as the warden of an institution, is *not* considered privileged mail.

[3] IDOC regulations provide:

    Offenders shall be permitted to send privileged and non-privileged letters at their own expense. Offenders with insufficient money in their trust fund accounts to purchase postage shall be permitted to send reasonable amounts of legal mail and mail to clerks of any court or the Illinois Court of Claims, to certified court reporters, to the Administrative Review Board, and to the Prisoner Review Board at State expense if they attach signed money vouchers authorizing

which includes legal mail, must be marked "privileged" and sealed by the inmate. *See* Ill. Admin. Code tit. 20, § 525.130. Such mail may be inspected to see if it contains dangerous contraband, in accordance with IDOC regulations, but it may not be opened and read unless the mail is not properly "marked" with the inmate's name and institutional number. *Id*. In such cases, improperly marked mail will be opened and returned to the inmate, if the inmate's identity can be determined. *Id*.

The Court has provided this information regarding IDOC's regulations merely as a courtesy to Plaintiff. Plaintiff, however, must understand that mailroom staff's failure to follow IDOC regulations regarding the handling of legal and privileged mail in and of itself does not establish a constitutional violation or a violation of federal law, as required to bring an action under 42 U.S.C. § 1983. See *Kvapil v. Chippewa Co.*, 752 F.3d 708, 715 (7th Cir. 2014); *Rowe v. DeBruyn*, 17 F.3d 1047, 1051–52 (7th Cir. 1994). Instead, to state an actionable § 1983 claim, the alleged conduct must have deprived Plaintiff of his rights under the United States Constitution or federal law. The Court will turn now to the constitutional claims raised in Plaintiff's complaint.

**Constitutional Claims**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless

---

deductions of future funds to cover the cost of the postage. The offender's trust fund account shall be restricted for the cost of such postage until paid or the offender is released or discharged, whichever is soonest.

Ill. Admin. Code tit. 20, § 525.130.

otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Access to courts**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Without a right of access to the courts, all other rights an inmate may possess are illusory, being "entirely dependent for their existence on the whim or caprice of the prison warden." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir.1973)); *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir.1988).

The right to access the courts is violated when a prisoner is deprived of such access and suffers actual injury as a result. *Lewis v. Casey,* 518 U.S. 343, 350 (1996). To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Here, Plaintiff claims that mailroom staff interfered with his ability to send a change of address notice to this Court and some unidentified legal documents to another Illinois state court. (Doc. 1, p. 5). But Plaintiff fails to allege that any of this ultimately caused him to suffer an actual injury in connection with any present or impending lawsuit. Moreover, a general allegation of prejudice, without more, is insufficient to state an access to courts claim. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Even if the mailroom's actions delayed Plaintiff's ability to file documents in a lawsuit, a delay becomes an injury only if it results in "actual substantial prejudice to specific litigation." *Gentry v. Duckworth,* 65 F.3d 555,

559 (7th Cir.1995). Since Plaintiff has failed to allege that he suffered an actual injury, this claim shall be dismissed without prejudice.

**Count 2: Interference with Mail**

Inmates have a First Amendment right both to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Protection of this right is paramount when it comes to legal mail since interference may impede the constitutional right discussed under Count 1: the right to access the courts. *Id*. Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment."(citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))).

Plaintiff alleges that mailroom staff has hindered his ability to send legal mail. However, it is not entirely clear that the mail Plaintiff refers to in his complaint was actually "legal" mail, by any applicable definition. Nonetheless, Plaintiff has set forth allegations suggesting that mailroom staff may have interfered with his ability to send mail. In addition, Plaintiff has included multiple affidavits from other inmates at Big Muddy suggesting "a continuing pattern or repeated occurrences" of mail interference. Whether these are merely isolated incidents is a question of fact that cannot be resolved at this stage. As such, Plaintiff may proceed on his mail interference claim for damages against Unknown Members of the Mailroom Staff. But these staff members must be identified with particularity before service of the complaint can occur on them. Where a prisoner's complaint states specific allegations describing the conduct of

unknown corrections officers sufficient to raise a constitutional claim against them, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir.2009). In this case, guidelines for discovery aimed at identifying the unknown parties will be set by the magistrate judge. Once the unknown parties are identified, Plaintiff shall file a motion to substitute the named individuals in their place.

**Count 3:   Retaliation**

Lastly, Plaintiff claims that mailroom staff has engaged in a campaign of harassment against Plaintiff in retaliation for Plaintiff "fighting back with paperwork." (Doc. 1, p. 5). It is unclear what exactly Plaintiff means by this statement, but the Court can infer from the underlying grievances attached to the complaint that Plaintiff has filed both legal and administrative complaints against mailroom staff for interfering with his mail.

Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are "reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000)). Even if the underlying harassment (i.e., interfering with Plaintiff's ability to send mail) was not unconstitutional, if it was undertaken in retaliation for the exercise of a constitutionally protected right (in this case, the right, under the First Amendment, to freely complain about mailroom staff interfering with his mail), then it is actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v.*

*Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance").

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman,* 226 F.3d at 573 (citation omitted). At issue here is whether Plaintiff experienced an adverse action that would likely deter constitutionally protected activity in the future, and if the First Amendment activity was "at least a motivating factor" behind mailroom staff's interference with Plaintiff's mail. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). These are questions of fact that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim for damages against Unknown Members of the Mailroom Staff.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

Plaintiff has already been granted leave to proceed IFP (*see* Doc. 6); therefore, Plaintiff's motion for service of process at government expense (Doc. 4) is unnecessary and **DENIED AS MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that Defendant **BIG MUDDY RIVER CORRECTIONAL CENTER** is **DISMISSED WITHOUT PREJUDICE** from this action.

The Clerk of Court is **DIRECTED** to add the **WARDEN OF BIG MUDDY**, in his or her official capacity, for purposes of injunctive relief only, on Counts 2 and 3.

**IT IS HEREBY ORDERED** that **COUNT 1** (access to courts claim) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his claim for damages on **COUNT 2** (mail interference claim) and **COUNT 3** (retaliation claim) against Defendants **UNKNOWN MEMBERS OF THE MAILROOM STAFF**.

The Clerk of Court shall prepare for Defendant **WARDEN OF BIG MUDDY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN MEMBERS OF THE MAILROOM STAFF** until such time as Plaintiff has identified these individuals by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2016**

**s/ MICHAEL J. REAGAN**
**Chief Judge,**
**United States District Court**